**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| ALONZO WORKMAN, | : | BANKR. NO. 22-12357-pmm |
| DARLENE WORKMAN, | : | |
| | : | |
| Debtors. | : | |

**OBJECTION OF UNITED STATES TRUSTEE TO DEBTORS' MOTION**
**TO APPROVE NEXT FRIEND**

The United States trustee for Region 3 (the "U. S. trustee"), through his undersigned counsel, responds and objects to the Debtors' Motion to Approve Next Friend (the "Motion") as follows:

1.     On September 7, 2022, Alonzo and Darlene Workman ("Debtors") filed a voluntary petition under chapter 13 of the Bankruptcy Code.  The case was converted to chapter 7 on February 11, 2024, upon the motion of the Debtors.

2.     Concurrent with the filing of the motion to convert, a Suggestion of Death of Darlene Workman was filed together with the Motion seeking approval of Mr. Workman's daughter as next friend to appear with Mr. Workman at the 341 Meeting.  If is unclear from the Motion whether she will testify on behalf of her father, and/or whether she will undertake any other actions to successfully prosecute his case to completion.

3.     It is alleged in the Motion that the bankruptcy process "is intimidating and scary for many debtors," including the section 341(a) meeting of creditors, and that because of the recent loss of his spouse Mr. Workman's family would prefer to have someone with him at the meeting, "if necessary."

4.     Federal Rule of Bankruptcy Procedure 1004.1 provides in part that "[t]he court shall appoint a guardian ad litem for an infant or incompetent person who is a debtor and is not

otherwise represented or shall make any other order to protect the infant or incompetent debtor."

FRBP 1004.1.  Here, Mr. Workman is neither incompetent nor is there any evidence that he needs to be protected.

     5.     The federal rules provide for continuing administration in chapter 7 as if the death had not occurred.  See FRBP 1016.  It appears from the Motion that notwithstanding the passing of his spouse, Mr. Workman desires to obtain a discharge of both his and his late spouse's debts under chapter 7.  And he is represented by competent counsel who can guide him through the steps necessary to obtain the result he seeks.

     6.     While Mr. Workman's situation is very unfortunate and adds some additional difficulty to pressing forward to obtain a discharge, under the circumstances of this case approval of a next friend is neither necessary nor appropriate, and the Motion should be denied.

Dated: March 25, 2024.

ANDREW R. VARA
United States trustee, Regions 3 and 9

By: /s/ *Dave P. Adams*
Dave P. Adams
900 Market Street, Suite 320
Philadelphia, Pennsylvania 19107
(215) 597-4411
(215) 597-5795 (fax)

2